# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LARRY LEWIS | DOCKET NO. 5:16-CV-01603 |
| | SECTION "P" |
| VERSUS | JUDGE S. MAURICE HICKS |
| NATHAN G. CAIN | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Larry Lewis (DOC# 364402) filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 18, 2016. [Rec. Doc. 1] On July 11, 2017, Petitioner was ordered to amend his complaint to address inconsistencies with respect to dates and filings. [Rec. Doc. 3] He did so on August 9, 2017. [Rec. Doc. 4] Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. His petition alleges claims of ineffective assistance of trial counsel. Thus, he seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Procedural History*

Defendant, Larry Lewis, pled guilty to one count of car jacking in the First Judicial District Court, under Docket Number 271,035, was convicted and sentenced to 11 years at hard labor, with credit for good time served on September 21, 2011. [Rec. Doc. 1, p. 1; Rec. Doc. 4, p. 1]

Petitioner did not appeal his conviction and sentence.

On January 26, 2012, petitioner filed a pro se Motion to Amend and/or Correct Sentence.

According to counsel for petitioner, the trial court never ruled on this motion.

On June 15, 2015, petitioner filed a counseled application for post-conviction relief, alleging ineffective assistance of trial counsel in giving him the "wrong" advice with respect to plea deal. [Rec. Doc. 4-1, pp. 2-4] The trial court denied his application on August 20, 2015, as untimely. [Rec. Doc. 4-2, p. 1] Petitioner filed a counseled writ application in the Louisiana Second Circuit Court of Appeals on October 30, 2015. [Rec. Doc. 4-3] Counsel argued that the trial court incorrectly refused to consider the merits of petitioner's application by ignoring the fact that defendant had filed a pro se motion to correct/amend his sentence on January 26, 2012, which suspended the finality of the conviction. *Id.* The Second Circuit denied petitioner's writ "on the showing made," citing La. C.Cr.P. art 930.8, as well as *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct.2052, 80 L.Ed.2d 674 (1984).

Petitioner did not seek writs in the Louisiana Supreme Court. He filed the instant petition on November 18, 2016.

## *Law and Analysis*

### *1. Limitations*

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which

a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period. *See* 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. Therefore, for AEDPA purposes, Petitioner's conviction became final on October 21, 2011, upon the expiration of the 30 day period for filing a motion for appeal provided by La. Code Crim. Proc. art. 914(B). Under 28 U.S.C. § 2244(d)(1) petitioner had one year, or until October 21, 2012, within which to file his federal habeas petition. See, *Scott v. Hubert*, 2011 WL 802918 (5th Cir.2011)(holding that a judgment of conviction becomes final for AEDPA purposes (even if different for state law purposes) on the date that the time period during which the petitioner could have sought direct review of the appellate court's decision expires or thirty (30) days after the appellate court's decision).

Petitioner waited over three (3) years to file an application for post-conviction relief. However, giving petitioner the benefit of construing the Motion to Amend and/or Modify Sentence as an application for post-conviction relief, the AEDPA limitations period then ran for 97 days, from October 21, 2011 to until January 26, 2012, when the motion was filed. Over three years later, he filed a counseled application for post-conviction relief on June 15, 2015, during which time this Court will find the AEDPA limitations period remained tolled. The trial court ultimately denied petitioner's post-conviction relief application on August 28, 2015, as untimely.

3

Petitioner sought writs on October 30, 2015; on November 19, 2015, the Louisiana Second Circuit Court of Appeal denied his writ application "on the showing made," citing La. C.Cr.P. art 930.8 and *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2015, 80 L.Ed.2d 674 (1984). [Rec. Doc. 4-4]

Pursuant to Louisiana Supreme Court Rule X, § 5(a), petitioner then had a period of thirty (30) days, or until December 19, 2015, within which to file his writ application with the Louisiana Supreme Court. The record, however, establishes that petitioner did not file a writ application with the Louisiana Supreme Court. Thus, under current Fifth Circuit precedent, petitioner's application for post-conviction relief ceased to be "properly filed" or "pending" so as to toll the AEDPA limitations period at the latest on December 19, 2015 (when the Rule X thirty (30) day period for seeking writs from the Louisiana Supreme Court expired). *See, Williams v. Cain*, 217 F.3d 303 (5th Cir.2000)(Petitioner's application for post-conviction relief in Louisiana courts ceased to be "properly filed" for purposes of tolling the limitations period for filing federal habeas petition when petitioner failed to file his application for supervisory writ of review from denial of post-conviction relief with Louisiana Supreme Court within thirty day period allowed by state court rule, as state court rule contained no exceptions or exclusions to time requirement and prohibited any extensions to thirty day period). Thereafter, a period of over one (1) year and ten (10) months elapsed before petitioner filed his federal habeas petition on November 18, 2016. Further, as shown above, a period of ninety seven (97) days of the AEDPA limitations period had already elapsed between the date of finality of judgment and the earliest date that it could be determined that petitioner commenced his post-conviction proceedings. As such, a total of over two (2) years of untolled time elapsed between the date petitioner's judgment of conviction became final and the date he filed his habeas petition.

4

Accordingly, petitioner's claims are untimely-filed and should be dismissed with prejudice.

## 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted).

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). In other words, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Of course, the habeas petitioner has the burden of establishing that he is entitled to equitable tolling, and Federal courts "must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002).

The facts before this Court do not evidence a dilligent pursual of rights by petitioner. First, he allowed three (3) years to elapse before filing an application post-conviction relief and/or following up on the motion filed in 2012. Moreover, despite the fact that a year elapsed between the Second Circuit's ruling and his commination with his attorney, he did not contact his attorney's office or diligently pursue the advancement of his claims at this time either. Accordingly, equitable

tolling is not applicable to the matter at hand.

### 3. Failure to Exhaust

Finally, *habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts the first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). This jurisprudential mandate has been codified at 28 U.S.C. § 2254(b)(1).[1] Exhaustion entails submitting the factual and legal basis of any claim to the highest available state court for review <u>in a procedurally correct manner</u>. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983) (emphasis supplied)

Petitioner did not present his claims to the Louisiana Supreme Court. Thus, the claims raised herein remain unexhausted. Moreover, his claims are "technically exhausted" since petitioner cannot now return to the Louisiana courts to litigate these claims. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982); 28 U.S.C. § 2254(c).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED**

---

[1] § 2254 provides, in pertinent part:
(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court **shall** not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State;

**WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d). In the alternative, petitioner's claims remain unexhausted and, even if they were exhausted, they would be procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 27th day of September, 2017.

                                                                                                        **KAREN L. HAYES**
                                                                                                        **UNITED STATES MAGISTRATE JUDGE**